Trevor CARTEN, Plaintiff–Appellant,

v.

KENT STATE UNIVERSITY, et al., Defendants–Appellees.

No. 02–4276.

United States Court of Appeals,
Sixth Circuit.

Oct. 17, 2003.

Robert Troll Lynch, Cleveland Heights, OH, for Plaintiff–Appellant.

Valoria C. Hoover, Kohrman, Jackson & Krantz, Cleveland, OH, Tamara A. O'Brien, Steven L. Paulson, Roderick, Linton, Akron, OH, for Defendant–Appellee.

Before: KEITH, MARTIN, and SUTTON, Circuit Judges.

*ORDER*

Trevor Carten, an Ohio resident represented by counsel, appeals a district court judgment dismissing his civil action filed pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 794. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kent State University (KSU) accepted Carten as a graduate student in the School

of Library and Information Services on July 12, 1994. On August 23, 1995, KSU dismissed Carten for poor academic performance. KSU officials affirmed Carten's dismissal in a September 15, 1995, hearing. On October 29, 1997, Carten filed suit against KSU and several of its employees. Carten alleged that the defendants refused to accommodate his learning disability and dismissed him based on that disability.

The defendants moved to dismiss all claims against them arguing that the Eleventh Amendment barred Carten's ADA and Rehabilitation Act claims against KSU and its employees in their official capacities. In addition, they argued that Carten's ADA claims against the individual employees in their personal capacities merited dismissal because there is no individual liability under the ADA. The district court dismissed Carten's claims against the individual employees in their personal capacities, but held that the Eleventh Amendment did not shield KSU or the employees in their official capacities from liability under the ADA or the Rehabilitation Act. The defendants appealed the decision to this court.

On appeal, the court reversed the district court as to Carten's ADA claim for monetary damages against KSU and the individual defendants as well as Carten's ADA claim for equitable relief against KSU. The court affirmed the district court's decision as to all other claims. *Carten v. Kent State Univ.*, 282 F.3d 391, 393, 398 (6th Cir.2002).

On remand, the parties filed cross-motions for summary judgment. The district court subsequently granted summary judgment to the defendants concluding that even assuming Carten had a learning disability, there was no evidence that KSU denied Carten reasonable accommodations. The court further concluded that the evidence did not show that Carten requested and was denied reasonable accommodations.

In his timely appeal, Carten argues that the district court's decision to dismiss the complaint because Carten had not made a "focused" request for reasonable accommodation has no basis in case law or statutory precedent.

The district court's grant of summary judgment is reviewed de novo. *Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 490 (6th Cir.2002). Summary judgment is proper if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). In considering such a motion, the court construes all reasonable factual inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

To establish a claim that he was dismissed from KSU in violation of the ADA or the Rehabilitation Act, Carten must show: 1) that he is handicapped or disabled as defined by each statute; 2) that he is "otherwise qualified" to continue in the school; and 3) that he was dismissed from the school on the basis of his handicap or disability. *See Andrews v. Ohio*, 104 F.3d 803, 807 (6th Cir.1997).

A handicapped or disabled person is "otherwise qualified" to participate in a program if he can meet its requirements with necessary accommodations. *Sandison v. Mich. High Sch. Athletic Assoc., Inc.*, 64 F.3d 1026, 1034 (6th Cir.1995). A publicly funded university is not required

to provide accommodation to a student under the ADA or Rehabilitation Act until the student provides a proper diagnosis of his claimed disability and specifically requests an accommodation. *Kaltenberger v. Ohio College of Podiatric Med.*, 162 F.3d 432, 437 (6th Cir.1998).

The defendants were entitled to summary judgment as a matter of law. The evidence presented to the district court shows that Dr. Barbara Haugland, a licensed school psychiatrist for KSU, stated in a July 8, 1994, letter regarding Carten's alleged condition that "the totality of the data does *not* meet state and federal requirements for indicating the presence of a specific learning disability." (emphasis original). Dr. Haugland noted that in high school Carten had language, speech, and hearing therapy, but was not found to have a learning disability. She further noted that during his prior three years at KSU, Carten did not apply or utilize services for the learning disabled and was successful without accommodations.

Further, there is no proof of a request for accommodations. Rather, Carten's July 15, 1994, request for acceptance into KSU's master's program is just the opposite. Carten wrote:

> I am respectfully and humbly requesting that I be admitted to the School of Library and Information Science on a conditional basis. I propose to take no more than nine hours each semester and will willingly withdraw if my grades do not meet your standards for continuance, or if instructors document that my presence is in any way disruptive to other students or detrimental to the normal protocols of the School. I will attain tutors and special help, should they be required, without placing any burden on the School.

As the evidence presented to the district court does not indicate that Carten had a learning disability and that Carten did not request accommodations from KSU, the district court did not err in granting summary judgment to the defendants. *Id.*

Accordingly, we affirm the district court's judgment.